[Cite as *State v. White*, 2017-Ohio-287.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104224

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# JAMES C. WHITE

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590769-A

**BEFORE:** E.A. Gallagher, P.J., Boyle, J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 26, 2017

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
55 Public Square, 21st Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Daniel A. Cleary
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant James White appeals his convictions in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**Factual and Procedural Background**

{¶2} White was charged by a Cuyahoga County Grand Jury with rape of a victim under the age of 13, two counts of gross sexual imposition, two counts of kidnapping and one count of importuning. The rape count included a notice of prior conviction, a repeat violent offender specification and a sexually violent predator specification.

{¶3} Pursuant to a plea agreement, White plead guilty to an amended count of rape and an amended count of kidnapping. The remaining counts were nolled. The state stipulated that the two counts merged as allied offenses and the state elected to proceed with sentencing under the rape count. The trial court imposed a prison term of 11 years and determined White to be a Tier III sex offender/child offender registrant.

**Law and Analysis**

**I. Plea Coercion**

{¶4} In White's sole assignment of error he argues that the trial court coerced his guilty pleas by comparing his case to another case prior to his change of plea.

{¶5} A defendant's plea must be knowingly, intelligently, and voluntarily made. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The enforcement of a plea that does not satisfy all three of these criteria is unconstitutional under both the United States and Ohio Constitutions. *Id.*

**{¶6}** Although a trial judge's participation in the plea bargaining is not prohibited under Crim.R. 11, the Ohio Supreme Court has cautioned that "the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume." *State v. Byrd*, 63 Ohio St.2d 288, 292, 407 N.E.2d 1384 (1980). Judicial participation is strongly discouraged but does not render a plea per se involuntary; the ultimate inquiry is whether the judge's active conduct could have led the defendant to believe he could not get a fair trial, including a fair sentence after trial and whether the judicial participation undermined the voluntariness of the plea. *State v. Sawyer*, 183 Ohio App.3d 65, 2009-Ohio-3097, 915 N.E.2d 715, ¶ 54 (1st Dist.), citing *Byrd* at 293.

**{¶7}** Since the United States Supreme Court's decision in *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), it is important that a record be made demonstrating that a defendant is aware of a plea deal if one is presented that may necessarily involve the participation of the trial judge in placing the plea deal on the record. *State v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290, ¶ 27 (8th Dist.). "A trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." *Byrd* at 293. A judge's comments must not be considered in isolation, however; instead, we consider the record in its entirety to determine the voluntariness of the guilty plea. *Jabbaar* at ¶ 29, citing *State v. Finroy*, 10th Dist. Franklin No. 09AP-795, 2010-Ohio-2067, ¶ 7.

**{¶8}** Moreover, a guilty plea, if induced by promises or threats that deprive it of the character of a voluntary act, is void. *State v. Kelly*, 8th Dist. Cuyahoga Nos. 91875 and 91876, 2010-Ohio-432, ¶ 21. In *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 Ohio App. LEXIS 493 (Feb. 13, 1997), this court found that: "[w]here the trial court promises a certain sentence, that promise becomes an inducement to enter a plea, and unless that sentence is given, that plea is not voluntary. Thus, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence."

**{¶9}** In this instance, White argues that the trial court coerced his plea by comparing his case to another defendant who had recently faced similar charges and was found guilty by a jury. The complained-of exchange occurred on the Friday prior to the Monday White was scheduled for trial while the court was making a record of the state's plea offer. After comparing the difference between the potential prison sentences White would face if he entered a plea pursuant to the state's offer as opposed to what he would face if he were to be found guilty of all charges at trial, the following exchange occurred:

> THE COURT: I think that you should take some time to talk to [defense counsel]. What I have gleaned from speaking with [the state] is that this is the best that it's ever going to get, so there's nothing more that can be done to work a resolution out than what it is at this moment.

Frankly, I would very seriously consider these issues. Have you been on the floor? Did you note there was another defendant on the floor in the courtroom across the way?

THE DEFENDANT: No.

THE COURT: There was just a trial involving a defendant charged with this, in fact, charge that you are charged with, and he was just found guilty of all of the charges in a matter of two hours. The jury took I want to say two hours and 45 minutes, so he is now, if I'm not mistaken, facing a life sentence without the possibility of parole because of the number of victims. This is something that you really need to take into consideration as you are considering your choices. Speak with [defense counsel] about what the possibilities are and where you stand.

THE DEFENDANT: Okay.

THE COURT: And I'm going to certainly give you an opportunity to take some time to consider your choices, although you have had quite a bit of time, I suspect, just over the last many months. Mr. White, I will see you then Monday.

**{¶10}** White then had the weekend to consider his options and confer with his trial counsel before he entered his plea. As part of a full Crim.R. 11 colloquy White stated that no one had made any threats or promises in order to get him to plead guilty, other than as stated on the record. White represented that it was his choice to plead guilty.

**{¶11}** We find nothing in the record demonstrating that the trial court's statements coerced or undermined the voluntariness of White's plea. White faced a mandatory term of life imprisonment without parole if he was convicted of rape of a victim under the age of 13 by force or threat of force as indicted under. The trial court and the parties thoroughly examined the potential penalties White would face if he were convicted of the various offenses for which he was indicted at trial as opposed to the significantly reduced penalties the plea agreement presented. The trial court's above reference to another defendant's conviction and sentence merely demonstrated by way of example the potential pitfalls of an unfavorable outcome for White at trial.

**{¶12}** This is not an instance such as *Byrd* where the trial court negotiated a plea bargain, opined that it was a "pretty good deal" and enlisted the aid of others in convincing a defendant to plead guilty. *State v. Byrd*, 63 Ohio St.2d 288, 290, 407 N.E.2d 1384 (1980). In *Jabbaar,* this court refused to invalidate a defendant's plea despite a trial court's expression of disbelief that the defendant did not wish to plea when facing DNA evidence and statement that "it seems to me that you certainly should consider a plea." *Jabbaar*, at ¶ 13.

**{¶13}** The interaction in this instance bears no resemblance to the conduct in *Byrd* and raises even fewer concerns for coercion than *Jabbaar*. The trial court merely referenced a concrete example of the potential penalties White faced if unsuccessful at trial. White was further provided time to weigh his options and confer with his attorney. After a weekend to consider his choices White entered a knowing and intelligent plea

that reduced his maximum potential prison term from life without parole to 11 years. We find nothing in the record to suggest that the trial court coerced or induced White's plea.

**{¶14}** White's sole assignment of error is overruled.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR