[Cite as *State v. Powell*, 2019-Ohio-346.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 107006

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTONIO POWELL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615121-B

**BEFORE:** Sheehan, J., Laster Mays, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 31, 2019

**ATTORNEY FOR APPELLANT**

Patrick S. Lavelle
Van Sweringen Arcade, Suite 250
120 West Prospect Avenue
Cleveland, OH 44115


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Kelly N. Mason
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113


MICHELLE J. SHEEHAN, J.:

{¶1}  Defendant-appellant Antonio Powell appeals from the trial court's judgment denying his motion to withdraw his guilty plea.   For the reasons that follow, we affirm the trial court.

## I.   Procedural and Factual History

{¶2}  On March 23, 2017, Powell was charged in a multiple-count indictment arising from a standoff with the Cleveland police SWAT unit that escalated to a shootout between Powell (and a codefendant) and the police.   The indictment included 24 charges of attempted murder (Counts 1–2, 5–6, 8–9, 11–12, 14–15, 17–18, 20–21, 23–24, 26–27, 29–30, 32–33, and 35–36).   Each of these charges included a one-, three-, five-, and seven-year firearm specification and a forfeiture specification.   The indictment also included 13 charges of

felonious assault (Counts 3-4, 7, 10, 13, 16, 19, 22, 25, 28, 31, 34, and 37), each of which contained a one-, three-, five-, and seven-year firearm specification and a forfeiture specification.

{¶3} On January 22, 2018, Powell withdrew his previously entered not guilty plea and pleaded guilty to attempted murder in Count 1, as indicted, along with the attendant firearm and forfeiture specifications. Powell also pleaded guilty to the following amended counts of attempted murder as well as the attendant five-year firearm specifications and forfeiture specifications: Counts 5, 8, 11, 14, 17, 20, 23, 26, 29, 32, and 35. These counts were amended to delete all other firearm specifications. The remaining charges contained in the indictment were nolled. Under the plea agreement, the parties agreed to a sentencing range of 15 to 25 years imprisonment. The court accepted the guilty plea.

{¶4} On January 30, 2018, Powell filed a pro se motion to withdraw his guilty plea, stating that "the guilty plea was given under extreme stress" and he did not agree to a sentencing range of 15 to 25 years. Prior to sentencing, the court held a hearing on Powell's motion. The court denied Powell's motion and proceeded to sentencing.

{¶5} The court sentenced Powell to 10 years in prison on Count 1, plus 7 years on the firearm specification, to be served consecutively. The court also sentenced Powell to 3 years on Count 5, plus 5 years on the firearm specification, to be served consecutively. On each of the remaining charges, the court imposed a sentence of 11 years, plus 5 years on the firearm specification, to be served concurrently to the sentence imposed in Counts 1 and 5. The sentence totaled 25 years.

{¶6} Powell now appeals his conviction, assigning one error for our review: the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea.

Powell essentially argues that the trial court failed to provide a complete and impartial hearing and it failed to fully consider his motion to withdraw.

## II. Law and Analysis

**{¶7}** Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Therefore, a trial court must conduct a hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶8}** The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph two of the syllabus. "'[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213-214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

**{¶9}** A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on

the motion; and (4) the record reflects that the court gave full and fair consideration to the plea-withdrawal request. *Peterseim* at paragraph three of the syllabus; *State v. King*, 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 13. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *King* at ¶ 14, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8-9.

**{¶10}** In this case, the record demonstrates that Powell was represented by competent counsel during the plea bargain. Counsel successfully negotiated a plea agreement that resulted in the dismissal of 25 counts of the indictment, including the accompanying 7-year firearm specifications. Powell faced a maximum prison sentence of 216 years without the benefit of a plea agreement. As a result of the agreement, however, Powell received a prison sentence of 25 years. Additionally, when asked by the trial court at the plea hearing, Powell confirmed that he was satisfied with counsel's representation.

**{¶11}** Our review of the plea hearing also reflects that the trial court engaged Powell in a thorough Crim.R. 11 colloquy, explaining to Powell each of the constitutional rights he would be waiving by pleading guilty. At the onset, Powell stated that he had graduated from high school, he could read and write, and he was able to understand the proceedings. The court provided Powell many opportunities to ask the court any questions he may have where, for example, he was confused or "simply disagree[d] with" the court.

**{¶12}** Indeed, Powell sought the court's clarification on several occasions, and after further discussion with the court, Powell indicated that he understood. For example, when the court noted that the state elected the defendant to be sentenced on the seven-year firearm

specification on Count 1, Powell asked: "That means I'm pleading guilty to a seven-year gun specification on the felony of the first degree attempted murder?"  When the court answered "yes," Powell replied, "Yes, Ma'am."  When the court advised the defendant that the remaining 11 charges contained five-year firearm specifications, Powell asked the court, "Could you elaborate, please?"  Powell then sought clarification of the mandatory consecutive sentence of the firearm specification, and after the court explained it, Powell indicated that he understood. Powell also asked for the court to explain why his offenses are not allied.  After the court and the prosecutor offered further explanation, Powell stated that he understood.  Additionally, when the court advised Powell that he must forfeit his rights or interest in a handgun, Powell once again sought clarification:

> Defendant:      Could I ask you a question?
>
> Court:            Sure.
>
> Defendant:      I am pleading guilty to two guns?
>
> Court: You would have to forfeit any rights and interest that you would have to the guns.
>
> Defendant:      Okay.   So just the one I had possession of?
>
> Defense
> Counsel      Even though this isn't your gun, you're relinquishing any rights to it.
>
> Defendant:      Okay.
>
> * * *
>
> Court: Okay.   You would be giving up any rights and interest that you have to the guns.
>
> Defendant:      Okay
>
> Court:            You understand?

Defendant:     Yes, ma'am.

    * * *

Court:     Even if the other gun doesn't belong to you, if you had an interest, you would be giving up your rights to it.

Defendant:     Thank you.

{¶13} Finally, when the court asked Powell if he agreed to the sentencing range of 15 to 25 years, he replied in the affirmative. And when the court advised the defendant that the 7-year and 5-year firearm specifications would run consecutively, Powell stated that he understood. The court then found that Powell knowingly and voluntarily entered his plea "with a full understanding of his constitutional and trial rights," and counsel noted that the court satisfied the Crim.R. 11 requirements. A trial court's adherence to Crim.R. 11, raises a presumption that a plea is voluntarily entered. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 25; *State v. Spence*, 8th Dist. Cuyahoga No. 54880, 1989 Ohio App. LEXIS 167, 3 (Jan. 19, 1989). Thus, Powell was provided a full hearing under Crim.R. 11 before he entered his plea.

{¶14} Upon Powell filing his pro se motion to withdraw his plea, he was afforded a complete and impartial hearing on the motion and the trial court gave full and fair consideration to the plea-withdrawal request.

{¶15} The hearing on a defendant's motion to withdraw a guilty plea should reflect the substantive merit of the motion; bold assertions without evidentiary support do not merit the scrutiny that substantiated allegations would merit. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 13, citing *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App.

LEXIS 1602, 2-3 (Apr. 27, 1989). The scope of the hearing is within the sound discretion of the trial court. *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 10.

{¶16} We note initially that Powell was represented by counsel during the entirety of the proceedings, yet he filed his motion to withdraw his guilty plea pro se. A criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, or "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13 (finding the trial court did not abuse its discretion in denying the defendant's pro se motion to withdraw where the defendant was represented by counsel), citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus.

{¶17} Therefore, when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. Moreover, where a defendant, who is represented by counsel, files pro se motions, "and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se," the pro se motions are not proper and the trial court may strike them from the record. *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶18} In this case, there is nothing in the record indicating that counsel joined Powell in his motion or otherwise believed that a basis existed for Powell to withdraw his guilty plea. Prior to sentencing, the court advised Powell that because he had counsel, he could not represent himself and his motion "should come through [his] lawyer." The court stated, however, "in

light of the fact that this is an important matter in consideration for you, the court will hear the motion." The court then proceeded to address Powell's motion.

{¶19} Here, when the court inquired of Powell the basis of his motion to withdraw, Powell asserted that he only agreed to plead guilty to 15 years. He presented no evidence in support of his assertion. The court then recalled its thorough Crim.R. 11 colloquy, reminding Powell that he told the court that he understood the plea, that he expressed no confusion during the plea hearing, and that he agreed to the sentencing range of 15 to 25 years. During this exchange, Powell conceded these facts; however, he attempted to cast blame on his attorney, claiming first that counsel never informed him about the plea, and then claiming that he wished to withdraw his plea because of a conversation he had with his attorney. When the court inquired further, Powell declined to offer additional detail, invoking his attorney-client privilege. Thus, Powell failed to substantiate his claim. Having determined Powell's motion to withdraw had no legitimate basis, the trial court denied the motion.

{¶20} It is within the trial court's discretion to determine whether Powell's arguments in support of his motion were reasonable and legitimate. *State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 12. And a reviewing court must defer to the trial court "in evaluating the 'good faith, credibility and weight' of [a defendant's] motivation and assertions in entering and attempting to withdraw his plea." *Id.*, quoting *Xie*, 62 Ohio St.3d at 525, 584 N.E.2d 715.

{¶21} On this record, we cannot find the trial court abused its discretion in finding no reasonable and legitimate basis for Powell's pro se motion to withdraw his guilty plea. Powell failed to provide any evidentiary support for his claims, and these claims, rather, appear to demonstrate Powell had a change of heart regarding his plea. It is well established that a change

of heart is an insufficient basis for withdrawing a guilty plea. *State v. Small*, 2017-Ohio-110, 80 N.E.3d 1234 (8th Dist.), ¶ 19, citing *Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, at ¶ 30; *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23; *State v. Barrett*, 8th Dist. Cuyahoga No. 100047, 2014-Ohio-1234, ¶ 9.

{¶22} Moreover, the record indicates that Powell failed to rebut the presumption that his plea had been knowing and voluntary. *See State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11 (the defendant seeking to withdraw his plea has the burden of rebutting the presumption that a plea is knowing and voluntary by demonstrating that the plea is infirm). We therefore find the hearing on Powell's motion was complete and impartial and was reflective of the motion's relative merit. The court gave full and fair consideration to Powell's pro se motion to the extent required under the circumstances. And there is no evidence that the trial court acted unjustly or unfairly.

{¶23} Accordingly, we find the trial court did not abuse its discretion in denying Powell's motion to withdraw his guilty plea.

{¶24} Powell's sole assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR