[Cite as *State v. Jones*, 2019-Ohio-2571.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                          No. 107561

    v. :

LARRY JONES, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 27, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-606728-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Oscar Albores and Tasha Forchione, Assistant Prosecuting Attorneys, *for appellee.*

Porter Wright Morris & Arthur, L.L.P., Matthew J. Ambrose and J. Philip Calabrese, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Larry Jones ("Jones") appeals from the trial court's order accepting Jones's guilty plea to sexual battery. For the reasons that follow, we affirm the trial court's decision.

## Statement of the Facts

{¶ 2}   On June 1, 2016, plaintiff-appellee the state of Ohio ("state") filed an indictment against defendant-appellant Larry Jones ("Jones") on five counts relating to the rape, gross sexual imposition, and kidnapping of Jane Doe ("S.D.") that occurred on August 24, 2007. S.D. was a friend of Jones's daughter with whom S.D. was staying on August 24, 2007. The stories of S.D. and Jones vary as to what occurred on the date in question. According to S.D., Jones asked her to get coffee with him and they drove toward Peter Pan Coffee. However, Jones did not stop for coffee but drove to an empty parking lot where Jones stated, "this is what you get for leading me on" and proceeded to rape her at knife point. Jones then drove to Peter Pan Coffee where S.D. remained in the car. Jones drove S.D. home where she told her roommate and her roommate's brother what had occurred. Her roommate's brother, the son of Jones, took S.D. to the hospital where she underwent a rape-kit examination and obtained emergency treatment. The police did not follow up with S.D. The police picked up the rape kit on August 24, 2007, and entered it into evidence. The rape kit was not linked to an original report number that apparently led to no further police investigation. On April 18, 2014, the Cleveland Police Department submitted the rape kit to the Bureau of Criminal Investigation ("BCI"). On January 1, 2015, BCI mailed the DNA profile results to the Cleveland Police Department, noting vaginal swabs from the rape kit matched Jones's DNA. On March 25, 2015, an investigator with the Cuyahoga County Prosecutor's Office

interviewed S.D. S.D. picked Jones out from a photo array and told her version of the events. Jones claims he had consensual sex with S.D.

{¶ 3} Another alleged incident between Jones and N.B. occurred on October 26, 2011. N.B., a friend of Jones's daughter, was experiencing car trouble and knew Jones was a mechanic. N.B. went to Jones's apartment for assistance. While there, Jones allegedly forced N.B. to perform oral sex and engage in vaginal and anal sex. N.B. reported the incident immediately to the police and was examined at the hospital where a rape kit was obtained. No weapon was involved in this alleged incident. The state presented N.B.'s allegations to a grand jury, but they declined to return an indictment.

{¶ 4} On June 2, 2017, the court issued a warrant for Jones's arrest exclusively for the alleged crimes against S.D.; the warrant and subsequent arrest and trial were not based upon the allegations presented by N.B. Jones voluntarily turned himself in and was arrested on August 7, 2017. On August 9, 2017, Jones was arraigned, pled not guilty, was assigned counsel, and was held in jail pending trial. Pretrial hearings were held, and Jones was granted numerous continuances due to Jones's ongoing discovery demands. Defense counsel required surgery during the pendency of this matter and filed a motion for continuance of trial due to an anticipated five-to-six-week absence. Despite having counsel, Jones filed a pro se writ of habeas corpus to dismiss on the basis of a speedy trial violation. The court did not rule on this motion. On November 3, 2017, the state filed a notice of intent to use other acts evidence pursuant to Evid.R. 404(B) and R.C. 2945.59. The other

acts evidence referenced the events that supposedly took place between Jones and N.B. This motion was opposed by Jones, but the court noted, by journal entry, that it would permit the state to use the other acts evidence.

{¶ 5} On April 30, 2018, Jones was scheduled for trial and appeared before court. Trial did not start on that date, but Jones indicated he would be willing to listen to a plea bargain. The parties returned to court on May 1, 2018, at which time a plea bargain was presented that Jones accepted and pled guilty to sexual battery. Jones was subsequently sentenced to 36 months, and it is from this prior plea and sentencing that Jones has filed this timely appeal.

{¶ 6} Jones presents the following assignments of error:

**Assignment of Error I:** Defendant's plea was not knowing, intelligent, and voluntary because the trial court coerced him to plead guilty.

**Assignment of Error II:** The trial court abused its discretion by denying defendant's presentence motion to withdraw his plea where the facts and circumstances support liberally granting that motion.

**Assignment of Error III:** The record does not support classifying defendant as a sexual predator.

**Assignment of Error IV:** The trial court erred when it denied defendant a speedy trial.

**Assignment of Error V:** Defendant received ineffective assistance of counsel, requiring a remand for further proceedings at which he receives representation by the counsel guaranteed by the sixth amendment and Ohio law.

## Law and Analysis

### I. Plea Bargain

{¶ 7} Jones claims his guilty plea was not provided knowingly, intelligently, or voluntarily because (1) the court's prior ruling admitting prior bad acts gave Jones no option but to plead guilty, and (2) the court's participation in the plea bargaining process undermined the voluntariness of the plea.

{¶ 8} "'In considering whether a plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record.'" *Cleveland v. Wynn*, 8th Dist. Cuyahoga No. 103969, 2016-Ohio-5417, ¶ 4, quoting *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 13 (8th Dist.).

{¶ 9} Jones alleges the trial court's decision to permit the introduction of prior bad acts gave him no choice but to plead guilty. Specifically, Jones argues the introduction of the alleged incident with N.B., an unrelated and unproven prior bad act, would have led the trier of fact to conclude Jones was guilty and led to the possibility of a life sentence. To avoid that outcome, Jones was forced to enter a guilty plea involuntarily.

{¶ 10} To follow Jones's line of reasoning, any time an evidentiary ruling is not advantageous to a criminal defendant, the accused can argue his guilty plea was rendered unknowingly, unintelligently, or involuntarily on that basis. This degrades the purpose of the knowing, intelligent, or voluntary standard. And, Jones's argument ignores the fact that Jones's guilty plea was rendered after the trial court

modified its ruling excluding the introduction of the prior bad acts evidence in the state's case in chief.

{¶ 11} On November 3, 2017, the trial court entered a judgment entry allowing the state to utilize the prior bad acts evidence under Evid.R. 404(B). On the day of trial, the judge stated on the record that he was changing his ruling on the prior bad acts evidence. The prior bad acts evidence would not be permitted in the state's case in chief but would be introduced only if Jones's defense opened the door allowing admissibility for rebuttal purposes:

> I just want to memorialize a couple of rulings. I may have indicated this yesterday, but I would like to indicate it again, that the 404(B) evidence that was cited in the prosecutor's motion is provisionally not permitted. * * *
>
> So that information will not be utilized during the State's case in chief, but it may become of issue pursuant to defense strategy. So, at this point, please don't mention that in your case in chief.
>
> So, out of [an] abundance of caution, I am ruling it shall not be used at this point; however, if the defendant opens the door and interjects his character into issue or opens the door to this 404(B) evidence by other defense strategies, we may have to revisit it.
>
> Additionally, if convicted, I believe the court will be able to take the allegations into consideration at the time of the sentencing, but I'm not going to do what they did in the Bill Cosby case. They let it in. You saw what happened to Cosby. This is a very similar situation, and I'm not going to permit it at this time, however, out of fairness to this defendant.

(Tr. 31-32.)

{¶ 12} Moreover, the trial court's pretrial ruling on the admission of prior bad acts evidence in its original journal entry was a ruling electing the court's

anticipatory treatment of an evidentiary issue. *State v. Taylor*, 8th Dist. Cuyahoga No. 83778, 2004-Ohio-3115, ¶ 6. The ruling was not a final appealable order. *Id.* at ¶ 7. The trial court had authority to modify the ruling. *Id.* at ¶ 6.

{¶ 13} The trial judge modified his ruling and ordered the prior bad acts evidence would not be used during Jones's case in chief. Therefore, this evidence cannot reasonably be seen as affecting the voluntariness of Jones's plea.

{¶ 14} In addition, Jones declined to accept the proposed plea after the trial court ordered that the Evid.R. 404(B) evidence would be excluded. It was not until the state played an incriminating recording of Jones's jailhouse telephone conversation that Jones decided to accept a plea bargain. Jones's acceptance of the plea appears to be unrelated to the potential Evid.R. 404(B) evidence but was because of the jailhouse telephone conversation.

{¶ 15} The trial court excluded the prior bad acts evidence from the state's case in chief. Jones's claim that his plea was not entered knowingly, intelligently, or voluntarily lacks merit.

{¶ 16} Jones also counters that the trial court's participation in the plea-bargaining process undermined his decision and led him to believe he would not obtain a fair trial. Although a trial judge's participation in the plea bargaining is not prohibited under Crim.R. 11, the Ohio Supreme Court has cautioned that "'the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should

assume.'" *State v. White*, 2017-Ohio-287, 81 N.E.3d 958, ¶ 6 (8th Dist.), quoting *State v Byrd*, 63 Ohio St.2d 288, 292, 407 N.E.2d 1384 (1980).

> "Judicial participation is strongly discouraged but does not render a plea per se involuntary; the ultimate inquiry is whether the judge's active conduct could have led the defendant to believe he could not get a fair trial, including a fair sentence after trial and whether the judicial participation undermined the voluntariness of the plea."

*Id.* at ¶ 6. However, a judge's comments must not be considered in isolation. Instead, "we consider the record in its entirety to determine the voluntariness of the guilty plea." *State v. Jabbaar*, 2013-Ohio-1655, 991 N.E.2d 290, ¶ 29 (8th Dist.).

{¶ 17} In reviewing the entire record, we find the trial court's comments did not adversely impact the voluntary nature of Jones's guilty plea. The trial judge notified Jones that he may be imprisoned for ten or 20 years. This comment was reiterated by the prosecutor when, in the presence of Jones, he stated the minimum sentence was ten to life or perhaps 20 to life if the two acts, vaginal intercourse and digital penetration, were run consecutively. The trial judge limited his involvement with the plea bargaining when he stated: "Now, there is a possibility you could plead this case. I'm not advocating anything. You might possibly have some time after you are released from the institution. Are you at all interested in a plea?" (Tr. 14.) The trial judge further explained Jones must notify the state he is interested in a plea before one would be offered. When Jones indicated he would listen to an offer, the trial judge again minimized his interaction on this issue: "Well, it's going to boil down to numbers. And I don't want to be heavily involved. That's not my role. I

will tell you, however, what the sentencing ranges are but, I mean, realistically, [prosecutor], what do you think a plea bargain offer would be on this case?" (Tr. 25.) The trial judge initiated the plea bargain discussions, but he did not direct or participate in the discussions. A trial judge can place limitations on plea bargaining; these comments are not equivalent to coercion. *State v. Jones*, 2018-Ohio-2055, 110 N.E.3d 1049, ¶ 15-24 (8th Dist.). Therefore, the following exchange between the trial judge and Jones was not coercion:

> Court: * * * We're going to delay this case until 10 a.m. tomorrow. I don't know if you are coming back with the sexual battery. I'm not suggesting I will take a sexual battery.
>
> What I will just tell you, what I would entertain, you can tell your people downstairs, I will entertain nothing but a rape. That gives me three to 11 years and that is what I want.
>
> Defendant: I can't agree to a rape.
>
> Court: Then we will go to trial. Get your clothing together.

(Tr. 27-28.) The next day, the state made a plea offer of sexual battery that the defendant initially rejected but ultimately accepted. The court had no involvement with the plea offer other than to have the offer and the defendant's responses put on the record. As part of a full Crim.R. 11 colloquy, Jones stated no one made any threats or promises in order to get him to plead guilty.

{¶ 18} Jones argues the facts in the instant case are comparable to those presented in *State v. Heard*, 2017-Ohio-8310, 87 N.E.3d 245 (8th Dist.), where the judge's coercion in the plea bargain process prevented defendant Heard from entering a voluntary plea. In *Heard*, the judge created and presented the plea offer;

the prosecutor had no input regarding the plea. *Id.* at ¶ 19. The judge's comments clearly indicated he had determined Heard's guilt before any evidence was presented. *Id.* The judge made reference to the potential sentencing not in terms of possible minimum and maximum sentences if the case proceeded to trial but based upon the sentence the judge would impose because he had already determined what Heard deserved. *Id.* The judge also failed to provide Heard with sufficient time to consider the offered plea. *Id.* This court found the judge's participation in the plea process could have led Heard to believe he could not get a fair trial or fair sentence after trial. *Id.* The case sub judice does not rise to the level of coercion exhibited in *Heard.* The plea offer was created and presented by the prosecutor; the judge identified the potential minimum and maximum sentencing; and Jones was on notice the day prior to trial that a plea may be offered.

{¶ 19} The current facts are more comparable to those presented in *Jabbaar,* 2013-Ohio-1655, 991 N.E.2d 290. In *Jabbaar*, the defendant was represented by counsel at all proceedings; the trial judge did not coerce or negotiate a plea agreement; the defendant was encouraged to contemplate the plea offer rather than enter a hasty answer; Jabbaar was told to "consider" a plea bargain rather than being "told" to take a plea bargain; and the judge discussed the possible sentences Jabbaar faced if convicted. These factors, and the trial judge fully advising Jabbaar of his constitutional rights so as to comply with Crim.R. 11, led this court to determine Jabbaar's plea was not coerced.

{¶ 20} We recognized in *Jabbaar* "that the trial judge's participation in this case [was] not the preferred practice and that, in some instances, the trial judge's comments raise[d] concern." *Jabbaar* at ¶ 29. Likewise, several of the trial judge's comments in this case are concerning.

{¶ 21} The trial judge stated Jones may not leave prison, depending upon the length of his jail time:

> You know, no one knows how much time we have on this planet. But, you know, if you go down for ten years or 20 years, yeah, there's a distinct possibility you might not walk out of prison. So, have you considered a potential plea in this case?

(Tr. 11.)

{¶ 22} The trial court assured Jones the victim would testify against him even though he could not say what her testimony would be:

> [The victim] will be present, I assure you of that. What she's going to say, I don't know. Are you interested in a plea bargain or do you wish to go to trial?

(Tr. 25.)

> And telling the deputy that the victim won't come to court, you are wrong about that, too. So you better consider your options, sir. Thank you very much. Tomorrow morning 10 a.m.

(Tr. 29.)

{¶ 23} Although the trial court's comments are disquieting and the trial court's participation is similar to the trial court's participation in the *Jabbaar* case in that such participation is not the "preferred practice," we do not look at the trial court's comments in isolation, but look at the record in its entirety to determine the voluntariness of the guilty plea. *Id.* In reviewing the trial court's participation and

the totality of the record, the trial court did not create and present the plea offer and the prosecutor had input in the plea offer. The *Heard* case is distinguishable. In a similar vein, looking at the record in its entirety, we cannot determine the trial court's comments would cause Jones to believe he would not receive a fair trial or a fair sentence after trial. We, therefore, find Jones's first assignment of error is without merit and, therefore, is overruled.

## II.   Withdrawal of Guilty Plea

{¶ 24} We review a trial court's ruling on a motion to withdraw a guilty plea under an abuse-of-discretion standard. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992.) An abuse of discretion occurs where a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 25} Motions to withdraw guilty pleas prior to sentencing are liberally allowed. *Xie* at 526. Yet, a defendant has no right to withdraw such guilty pleas. *Id.*

{¶ 26} A trial court may deny a motion to withdraw a guilty plea and not be subject to an abuse of discretion where the following occurs:

> "(1) the accused is represented by competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reflects that the court gave full and fair consideration to the plea-withdrawal request."

*State v. Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346, ¶ 9, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 27} Additional factors set forth by this court to consider whether a guilty plea may be withdrawn include whether the motion was made in a reasonable time; the motion stated specific reasons for withdrawal; the record shows that the defendant understood the nature of the charges and possible penalties; and the defendant had evidence of a plausible defense. *State v. Anglen*, 8th Dist. Cuyahoga No. 102022, 2015-Ohio-4070, ¶ 22.

{¶ 28} Applying these factors, we find no abuse of discretion by the trial court in denying Jones's motion to withdraw his guilty plea. The record reflects Jones was represented by competent counsel and was afforded a full hearing pursuant to Crim.R. 11 prior to entering his guilty plea. At a minimum, a defendant must make a prima facie showing of merit before the trial court need devote considerable time to a motion to withdraw a plea. *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 9. "Stated differently, the scope of the hearing to be held on the Crim.R. 32.1 motion should be reflective of the substantive merit of the motion itself. Hence, bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *Id.* at ¶ 9. The record reflects the court's consideration of Jones's motion was a sufficient response based upon Jones's attempt to withdraw his plea due to his frustration with the court.

{¶ 29} On May 1, 2018, Jones was provided a full Crim.R. 11 colloquy and pled guilty to sexual battery. The record indicates Jones understood the nature of the charges and possible penalties. Jones returned for sentencing on May 31, 2018. During the sentencing hearing, Jones stated he wished to withdraw his guilty plea. This request was not presented at the start of the hearing but following the trial judge's comment that he knew Jones was a sexually abusive person. It appears Jones was displeased with the trial court's comments and, as a result, withdrew his guilty plea. No written motion was prepared in advance of the sentencing hearing. Jones claimed the basis for the withdrawal was two new witnesses who would testify on his behalf, yet no specific proposed testimony was offered. Jones claimed he drove from Georgia to Ohio and turned himself in and did not have sufficient time, prior to his incarceration, to contact witnesses. However, the offense at issue occurred in 2007 and Jones was arrested on August 8, 2017. Jones was in jail from August 8, 2017, until the hearing in question on May 1, 2018. One would expect that provided ample time for Jones to recall witnesses and to have his attorneys or family contact them on his behalf. Jones did not provide a plausible defense for the charged offense, and the trial court determined the motion to withdraw was made because Jones did not "like the directness and bluntness and the reality of the situation today." Jones withdrew his guilty plea simply due to a change of heart. "Courts have concluded as such even under the liberal standards that govern a presentence plea withdrawal motion." *Jones*, 2018-Ohio-2055, 110 N.E.3d 1049, at ¶ 35; *see also* *Wittine* at ¶ 14.

**{¶ 30}** While Jones was represented by counsel throughout the hearings, he attempted to withdraw his guilty plea pro se. "A criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, or 'hybrid representation.'" *Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346, at ¶ 16, citing *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13. Where a represented defendant makes an oral pro se motion to withdraw his guilty plea, the trial court can refuse to entertain such motion. *State v. Hill*, 8th Dist. Cuyahoga No. 107290, 2019-Ohio-1647, ¶ 12. In the instant case, the trial judge choose to address Jones's proposed plea withdrawal rather than disregard the motion.

**{¶ 31}** The record supports the trial court's denial of Jones's motion to withdraw his guilty plea. Based on the foregoing, we find Jones's second assignment of error is meritless and overrule it.

### III. Sexual Predator Classification

**{¶ 32}** Jones challenges his classification as a sexual predator as defined in former R.C. 2950.01(E). This court has held the standard of review for a sexual predator designation is as follows:

> "'[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact.'"

(Internal citations omitted.) *State v. Graves*, 8th Dist. Cuyahoga No. 88845, 2007-Ohio-5430, ¶ 33, quoting *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, quoting *State v. Hills*, 8th Dist. Cuyahoga No. 78546, 2002-Ohio-497. "'In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof.'" *Id.* at ¶ 34, quoting *State v. Travis*, 8th Dist. Cuyahoga No. 85958, 2005-Ohio-6019.

{¶ 33} The offense in this matter occurred in 2007, and the definition of a sexual predator under former R.C. 2950.01(E) applies as well as former R.C. 2950.09(B)(3)(a)-(j). "A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." *Travis* at ¶ 4. "Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(4)." *Id.*

{¶ 34} Former R.C. 2950.09(B)(3) identified the factors to consider in determining whether a criminal defendant is a sexual predator:

> (a) The offender's or delinquent child's age;
> (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including but not limited to, all sexual offenses;
> (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
> (d) Whether the sexually oriented offenses for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

Not all of the above factors must be present to designate a criminal defendant as a sexual predator:

"A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. Furthermore, the court need not elaborate on its reasons for finding certain factors so long as the record includes the particular evidence upon which the trial court relied in making its adjudication."

(Internal citations omitted.)  *Graves* at ¶ 36, quoting *State v. Machado*, 8th Dist. Cuyahoga No. 87609, 2006-Ohio-6423.

{¶ 35} In the instant case, Jones pled guilty to sexual battery.  He forcibly had sex with the victim against her will.  The victim's age was not stated in the record

although there was no indication she was a minor. At the time of the offense, Jones was 50 years old. Jones had a long criminal history dating from 1975 through 2007, including the following: robbery, aggravated burglary, theft, receiving stolen property, breaking and entering, domestic violence, suspended driver's license, and misdemeanor assault. Jones was charged with sexual battery in the case sub judice and allegations of rape were raised by N.B. who filed a complaint that was taken to the grand jury. Although no charges were made following the grand jury's review of N.B.'s case, the allegations could be considered by the trial court with other factors in evaluating Jones as a sexual predator. *State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068, ¶ 6. N.B.'s allegations were similar to the facts presented in the current case and demonstrate a pattern of abuse. Both girls became familiar with Jones due to their friendship with his daughter. Both S.D. and N.B. allege Jones waited until he was alone with them and forced them to have sex. The girls immediately reported the alleged crime to the police and rape kits positively linked Jones to the incidents.

{¶ 36} "Thus, even though this court has a duty to independently review the evidence, we should give deference to the trial court's determinations and decline to substitute our judgment for that of the trial court." *State v. Winchester*, 145 Ohio App.3d 92, 101, 761 N.E.2d 1125 (8th Dist.2001). Based upon the evidence, the trial court did not err in determining Jones was a potential repeat offender and classified him as a sexual predator.

{¶ 37} We overrule Jones's third assignment of error because it lacks merit.

## IV. Speedy Trial

{¶ 38} "A plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)," unless such errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Kelley,* 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991), paragraph one and two of the syllabus.

{¶ 39} Jones waived his right to claim a speedy trial violation. Furthermore, Jones's claim that the trial court's denial of his motion to dismiss for lack of a speedy trial prejudiced his opportunity for a fair trial and effectively forced him to accept the guilty plea involuntarily is unsupported. Due to this court's finding that Jones's guilty plea was knowingly, intelligently, and voluntarily provided, Jones's fourth assignment of error lacks merit.

## V. Ineffective Assistance of Counsel

{¶ 40} The Ohio Supreme Court has repeated the well-established standard for reviewing claims of ineffective assistance of counsel:

> "Reversal of convictions for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674."

*State v. Linder,* 8th Dist. Cuyahoga No. 106600, 2018-Ohio-3951, ¶ 35, quoting *State v. Hanna,* 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 109.

{¶ 41} Moreover, when a reviewing court considers an ineffective assistance of counsel claim, the reviewing court should not consider what, in hindsight, may

have been a more appropriate course of action. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643. Rather, the reviewing court "must be highly deferential." *Strickland* at 689. As the *Strickland* court stated, a reviewing court

> must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See Michel v. Louisiana*, [350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)].

*Strickland* at 689. This standard of review is applied below when assessing Jones's claims of ineffective counsel.

{¶ 42} Jones argues his counsel's ineffective assistance (1) caused him to enter a guilty plea involuntarily where he was not provided effective assistance with his change of plea and sentencing; (2) resulted in a violation of his speedy trial rights where counsel failed to consult with Jones for several months; (3) failed to pursue Jones's case with diligence when counsel did not communicate with Jones for three months; and (4) failed to intervene when the trial court exhibited coercive and abusive tactics that forced Jones to enter a guilty plea. As stated earlier, Jones's guilty plea was voluntarily entered and the trial judge's actions were not coercive. Because these arguments have no merit, Jones's argument of ineffective assistance of counsel in relation to these topics must also fail.

{¶ 43} Jones argues he was provided ineffective assistance of counsel due to a break in communication between himself and his attorney. Yet, Jones did not file a motion requesting substitution of counsel. Jones filed a writ of habeas corpus

pursuant to R.C. 2725.01 on November 21, 2017, claiming his speedy trial rights had been violated and he had no contact with his counsel since the arraignment on August 9, 2017.  The record reflects defense counsel filed a motion to continue due to an unexpected surgery that required a three-to-four week recovery.  There is nothing in the record to indicate this break in communication was so deficient that it deprived Jones of a fair trial.  The record supports the position that Jones's counsel acted professionally and did not exhibit ineffective assistance of counsel.

{¶ 44} We find no merit in Jones's fifth assignment of error and overrule it.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY