[Cite as *State v. Newcomb*, 2020-Ohio-1201.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

JEFFREY NEWCOMB

    Appellant

C.A. No.     19CA011480

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR097606

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

TEODOSIO, Judge.

{¶1} Appellant, Jeffrey Newcomb, appeals from his conviction in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Newcomb pled guilty to an amended count of failure to register as a child-victim sexually oriented offender, in violation of R.C. 2950.041(E), a felony of the third degree. The trial court ordered a pre-sentence investigation report and later sentenced Mr. Newcomb to five years of community control and sixty days in jail, with twenty-five days of jail-time credit. The court also terminated the 120-day sentence Mr. Newcomb was serving for violating the terms and conditions of his post-release control.

{¶3} Mr. Newcomb appealed from his conviction, but this Court dismissed the untimely appeal in a journal entry. *See State v. Newcomb*, 9th Dist. Lorain No. 19CA011479 (March 25, 2019). We later granted his motion for leave to file a delayed appeal in this case.

{¶4} Mr. Newcomb now appeals from his conviction and raises one assignment of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR

MR. NEWCOMB'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).

{¶5} In his sole assignment of error, Mr. Newcomb argues that his guilty plea was invalid for two reasons: (1) the trial court imposed itself into the plea negotiations and promised to sentence him to one year of community control, but instead sentenced him to five years of community control; and (2) the court accepted his guilty plea prior to explaining the constitutional rights he would be waiving by pleading guilty. We disagree with both propositions.

{¶6} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. If a defendant is induced into pleading guilty based upon a promise made by the court, but the court does not fulfill that promise, the defendant's plea is not voluntary. *State v. Wallace*, 9th Dist. Lorain Nos. 14CA010609 and 14CA010610, 2015-Ohio-4222, ¶ 10; *State v. Hawk*, 81 Ohio App.3d 296, 299 (9th Dist.1992). Moreover, "[a] trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." *State v. Byrd*, 63 Ohio St.2d 288, 293 (1980).

{¶7} Mr. Newcomb directs us to various statements made throughout his plea hearing in support of his argument that the trial court imposed itself into plea negotiations and then reneged on its promise of a one-year community control sentence. Upon review of the plea hearing

transcript, however, we note that he supports his argument with cherry-picked statements taken out of context and strategically rearranged to suggest the trial court committed error.

{¶8} For instance, Mr. Newcomb first directs us to the trial court's statement: "My intention in these cases is normally to put you on community control for one year." Mr. Newcomb argues that the trial court made that statement and then gave him three tasks to complete in exchange for that one-year community control sentence: (1) Appear at sentencing; (2) go to the probation department and work with them in their preparation of a pre-sentence investigation report; and (3) do not commit any new crimes between now and sentencing. Thus, his contention is that the court intended to place him on one year of community control and then promised to do so in exchange for the completion of these three simple tasks. Yet, the transcript is clear that the trial court only told Mr. Newcomb to accomplish these tasks when the parties and court were all discussing and determining a sentencing date, which occurred prior to the court's statement about community control. Mr. Newcomb later questioned the court, "[Y]ou said community control for up to five years. Is there a mandatory time for this?" Only then did the trial court reply, "No. My intention in these cases is normally to put you on community control for one year." Thus, the court's statement about what it typically does in these types of cases was made in direct response to Mr. Newcomb's question regarding whether community control was mandatory, and was in no way a promise to Mr. Newcomb for one year of community control in exchange for the completion of three tasks prior to sentencing.

{¶9} Mr. Newcomb also argues that "[e]ven after [he] paused the plea proceedings to ask his attorney if 'they had a deal,' the prosecutor explained that [he] would not agree to a sentence[,] but the court interposed by saying that [it] would give a one[-]year community control sentence." The transcript shows, however, that during the plea colloquy the court explained to Mr.

Newcomb "there's no sentencing recommendation or agreement[,]" and Mr. Newcomb said, "I thought we had a deal." Mr. Newcomb briefly spoke with his attorney off record, and the attorney then asked the court if there was an agreement for probation. The prosecutor said he would defer to the court, but had no objection to community control. The court then explained to Mr. Newcomb: "Okay. So the prosecutor is indicating that the State has no objection to community control, but that is just a recommendation, and just something for me to consider. I will have the final decision regarding your sentence." Mr. Newcomb responded affirmatively when asked if he understood. The court then asked Mr. Newcomb if he understood that it "[could] consider imposing a community control sanction for up to five years instead of prison[,]" and he responded, "Yes." Thus, Mr. Newcomb's question about a "deal" was made in the context of whether he would be sent to prison or placed on community control, not whether he would receive a specific term of community control. Furthermore, nowhere in that discussion does the court "interpose[] by saying that [it] would give a one[-]year community control sentence[,]" as Mr. Newcomb now argues.

{¶10} We must review the record in its entirety when determining the voluntariness of a plea, and we decline to pick apart isolated statements during a plea hearing, taken out of context, to invalidate a guilty plea. *See State v. Jones*, 8th Dist. Cuyahoga No. 107561, 2019-Ohio-2571, ¶ 16 (stating that a judge's comments must not be considered in isolation, but rather the entire record must be considered when determining the voluntariness of a guilty plea). Upon review of the record in its entirety, we cannot say that the trial court in this case interjected itself into plea negotiations or promised Mr. Newcomb one year of community control in exchange for a guilty plea or the completion of three tasks. *See Byrd* at 293; *Wallace* at ¶ 10. Thus, Mr. Newcomb has not shown that his plea was involuntarily made.

{¶11} Mr. Newcomb next argues that the trial court improperly accepted his guilty plea prior to advising him of his constitutional rights. "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. *See also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 13. Crim.R. 11(C)(2)(c) requires trial courts to address the defendant personally prior to accepting his guilty plea, and:

> [i]nform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Trial courts must strictly comply with the mandates of Crim.R. 11(C)(2)(c). *Veney* at ¶ 31. If a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty plea is invalid "'under a presumption that it was entered involuntarily and unknowingly.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

{¶12} The transcript of Mr. Newcomb's plea hearing belies his argument that the trial court accepted his guilty plea prior to advising him of his constitutional rights. At the outset of the hearing, the court asked Mr. Newcomb if he is a United States citizen, explained the nature of the charge against him and the possible penalties, and confirmed that he understood this information. It then asked him how he wished to plead, and he replied, "Guilty." The court's colloquy with Mr. Newcomb did not end there, however, nor did the court indicate any acceptance of Mr. Newcomb's guilty plea at that time. Instead, the court further engaged Mr. Newcomb in a lengthy colloquy, which included informing him of the constitutional rights he would be waiving

by pleading guilty and then confirming that he understood each right, individually. The court then asked Mr. Newcomb once again if he still desired to plead guilty, and he replied, "Yes." Only then did the court accept Mr. Newcomb's guilty plea:

> The record will reflect the Defendant is in open court with counsel; *informed of all constitutional rights*; and has made a knowing, intelligent, and voluntary waiver of those rights. The record will also reflect that I find the Defendant understands the nature of the charge, the effect of the plea, and the maximum penalties which may be imposed.

> Finding the Defendant's plea to be voluntary, *the Court accepts the Defendant's plea of guilty* to one count of failure to register, a felony of the third degree, and finds him guilty of the same.

(Emphasis added.).

{¶13} Accordingly, upon review of the record, we conclude that the trial court strictly complied with Crim.R. 11(C)(2)(c) and properly advised Mr. Newcomb of the constitutional rights he would be waiving by pleading guilty prior to accepting his guilty plea. *See Veney* at ¶ 31. Thus, Mr. Newcomb has not shown that his plea was not knowingly and voluntarily made.

{¶14} Mr. Newcomb's sole assignment of error is overruled.

III.

{¶15} Mr. Newcomb's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY, Assistant Prosecuting Attorney, for Appellee.