[Cite as *State v. Goodwin*, 2018-Ohio-4377.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2017-P-0082** |
| PATRICK L. GOODWIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2015 CR 00453.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James W. Armstrong*, Leipply & Armstrong, 2101 Front Street, Riverfront Centre, Suite 101, Cuyahoga Falls, OH 44221 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Patrick L. Goodwin, pled guilty to two counts of Rape, felonies of the first degree, and three counts of Gross Sexual Imposition, felonies of the third degree, and was sentenced by the Portage County Court of Common Pleas to an aggregate prison term of 25 years.  He now appeals from the trial court's denial of his oral pre-sentence motion to withdraw his guilty plea.  The trial court's judgment is affirmed.

{¶2} On June 26, 2015, appellant was indicted by the Portage County Grand Jury on five counts each of Importuning, in violation of R.C. 2907.07(A); Rape, in violation of R.C. 2907.02(A)(1)(b) and (B); and Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4) and (C)(2). The victim of all 15 counts was a minor less than 13 years of age.

{¶3} The trial court determined appellant was indigent and appointed the public defender to represent him. An individual identifying herself as appellant's "authorized representative" sent a handwritten letter to the trial court on August 7, 2015, claiming appellant is a "slow learner," has "issues with comprehension," and has "issues with understanding." The individual claimed that appellant's attorney appeared not to care about those issues. The public defender filed a motion to withdraw as counsel due to a conflict with another client, and new counsel was appointed to represent appellant on December 3, 2015.

{¶4} At the request of appointed counsel, the trial court ordered appellant to undergo a competency evaluation at Summit County Psycho-Diagnostic Clinic. Appellee, the state of Ohio, stipulated to the findings in the report. Appellant objected to the findings, and at defense counsel's request, the trial court ordered appellant to undergo a second competency evaluation at Summit Psychological and Associates. The results of these evaluations are not included in the record.

{¶5} Appellant entered into a plea agreement with the state one day prior to the scheduled jury trial, which had been continued multiple times, and the plea hearing was held on September 6, 2016. Appellant pled guilty to two amended counts of Rape, in violation of R.C. 2907.02(A)(2), and three counts of Gross Sexual Imposition, in violation

of R.C. 2907.05(A)(4) and (C)(2). Both parties agreed on the record that the plea agreement included a joint sentencing recommendation of 25 years. The trial court found appellant's plea was entered knowingly, intelligently, and voluntarily; accepted the plea; and found appellant guilty of the five counts. The state entered a nolle prosequi as to the remaining counts of the indictment. Sentencing was deferred in order to allow the victim and the victim's family an opportunity to appear and make a statement.

{¶6} The sentencing hearing was held three days later on September 9, 2016. Appellant made an oral motion to withdraw his guilty plea, and the following exchange took place:

> DEFENSE COUNSEL: Okay. Judge, it's my understanding at this point in time that my client – it's his own motion because I think I'm part of it, he would like to make a pro se –
>
> THE COURT: A pro se motion?
>
> DEFENSE COUNSEL: A pro se Motion to Withdraw his Former Plea of Guilty. The basis of which, I believe without being glib, I don't know if he feels like I've fought for him enough, I've gone out to see him enough, if I reviewed the evidence enough, basically, I don't know if – I don't know exactly outside of that what it is, but I think despite the things that he said to you on Tuesday –
>
> THE COURT: If you have a motion, take the stand. Raise your right hand.
>
> * * *
>
> THE COURT: And what is your motion?
>
> APPELLANT: To get the plea taken – or get the charges – I – I don't know how to say it.
>
> THE COURT: Do you want to vacate your plea?
>
> APPELLANT: Yes, I do. That's what I wanted to say.
>
> THE COURT: Tell me why.

3

APPELLANT: I – I feel that I need to do this and take it to trial to find out the truth, to get it – to get it over with. I don't know how to speak – I don't how to [sic] talk to you guys about this. I'm doing my best I can [sic].

THE COURT: [To the Prosecutor:] I'm going to allow you to ask him questions.

{¶7} At this time, appellant was cross-examined by the prosecutor as to the reasons for the request to withdraw his plea. The following exchange then took place:

THE COURT: And, again, since this is a pro se motion, I'm not going to allow you to ask any questions unless you feel it's appropriate.

DEFENSE COUNSEL: I don't have any questions to ask.

* * *

THE COURT: Do you have any other witnesses?

APPELLANT: I don't.

THE COURT: Okay. At this time, I'm going to deny the Defendant's Motion to Vacate Plea. The Defendant was apprised of his rights. We were set for a jury trial. This has been set many times for a jury trial and we were set for Wednesday morning. I would have allowed you to go forward on the jury trial, but you wanted to enter a plea. You made this decision knowingly, intelligently and voluntarily, sir.

APPELLANT: Yes.

THE COURT: And you're the one that requested the 25 years, you didn't want to do the life spec.

APPELLANT: Right. I'm sorry.

THE COURT: Right. Correct. I'm correct. Therefore, we're going to go forward. Do you want – since you made the pro se motion, do you want [defense counsel] to represent you in the sentencing or do you want to represent yourself?

DEFENSE COUNSEL: He would like me to continue, but he informs me –

4

THE COURT: You want him to represent you?

DEFENSE COUNSEL: Yes. And he –

THE COURT: And I will say for the record, [defense counsel] and [the prosecutor] have been in my office many times talking about this case and trying to resolve it and – so I know he worked hard on your behalf. I know he did.

APPELLANT: Okay.

{¶8} Following the trial court's oral denial of the motion, the matter proceeded to sentencing. The trial court sentenced appellant to an aggregate term of 25 years, as was jointly recommended by the parties. The sentence was comprised of ten years for each count of Rape, to be served consecutively, and five years for each count of Gross Sexual Imposition, to be served concurrent with each other and consecutive to the Rape counts.

{¶9} Appellant has noticed an appeal and asserts one assignment of error for our review:

{¶10} "The trial court committed reversible and plain error in denying Patrick Goodwin's *Pro Se* pre-sentence Motion to Withdraw Guilty Plea."

{¶11} Appellant argues the trial court erred by "forcing" him to represent himself and by failing to conduct a full and complete hearing on his "pro se" motion to withdraw his guilty plea, despite the court's awareness of appellant's "educational and intellectual limitations."

{¶12} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Motions to withdraw guilty pleas prior to sentencing are to be allowed freely and liberally. *State v. Xie*, 62 Ohio St.3d 521, 527

5

(1992). The right to withdraw a plea is not, however, absolute. *Id.* at paragraph one of the syllabus; *see also State v. Prinkey*, 11th Dist. Ashtabula No. 2010-A-0029, 2011-Ohio-2583, ¶5.

{¶13} An appellate court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. *Prinkey*, *supra*, at ¶7 (citation omitted). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} In evaluating whether a trial court properly exercised its discretion in ruling on a pre-sentence motion to withdraw a guilty plea, this court applies the four-factor test pronounced in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist.1980). *See, e.g.*, *State v. Field*, 11th Dist. Geauga No. 2011-G-3010, 2012-Ohio-5221, ¶11, and *State v. Johnson*, 11th Dist. Lake No. 2007-L-195, 2008-Ohio-6980, ¶21. A trial court does not abuse its discretion in overruling a motion to withdraw when (1) the defendant was represented by competent counsel; (2) the defendant was afforded a full plea hearing, pursuant to Crim.R. 11; (3) the defendant was provided a complete and impartial hearing on the motion to withdraw; and (4) the trial court gave full and fair consideration to the request. *Peterseim*, *supra*, at paragraph three of the syllabus.

{¶15} Appellant asserts the trial court failed to provide a complete and impartial hearing on the motion to withdraw and failed to give full and fair consideration to the request because the trial court denied the motion immediately after appellant was questioned by the prosecutor. This court has held, however, that "[i]nviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can

6

constitute a full and fair hearing on that motion." *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶78, citing *State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶20.

{¶16} Here, the trial court provided appellant with an opportunity to state the reasons why he wanted to withdraw his guilty plea, but he failed to offer a legitimate reason for doing so. Defense counsel indicated appellant believed his representation had been inadequate, an argument the trial court found to be unsupported. Further, the prosecutor elicited testimony from appellant, during which appellant agreed he was given time to choose between a 25-year sentence or an indeterminate term of 10 years to life and that he alone chose the former. It appears from appellant's statements that he had merely changed his mind about entering the plea, which does not justify a withdrawal. *See, e.g., State v. Battersby*, 11th Dist. Lake No. 2007-L-023, 2008-Ohio-836, ¶59 (citations omitted).

{¶17} Although the trial court heard appellant's argument and testimony and denied the motion immediately before proceeding to sentencing, we conclude the trial court gave full and fair consideration to the request after a complete and impartial hearing on the matter. This argument is not well taken.

{¶18} Appellant further asserts he was not represented by competent counsel at the time he moved to withdraw his guilty plea. Under *Peterseim*, this argument lacks merit. In *Peterseim*, the competent counsel to which the court held a defendant was entitled was regarding the initial entering of the plea, not an attempt to withdraw the plea. *See Peterseim, supra*, at 214 ("there is no question that the attorneys who negotiated the plea for appellant (and whose advice prompted appellant to accept the plea) were

exceptionally qualified and diligent"). Appellant does not raise an issue with his representation at his plea hearing nor does he argue the trial court failed to conduct a full Crim.R. 11 plea hearing.

{¶19} Embedded within this assignment of error, however, is the assertion that appellant was denied his Crim.R. 44(A) right to counsel: "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."

{¶20} The premise for this assertion is the continual reference to appellant's motion as a "pro se" motion. We conclude this premise is false. While there was reference to appellant making a "pro se" motion, he was represented by counsel at that time, and counsel was present. The fact the trial court allowed appellant to speak on his own did not mean he was unrepresented. At no time did defense counsel withdraw from representation nor did appellant request removal of defense counsel. In fact, appellant desired defense counsel to immediately continue its representation for sentencing purposes. Additionally, defense counsel provided the trial court with the basis for appellant's motion as it pertained to his own representation, to wit: "I don't know if he feels like I've fought for him enough, I've gone out to see him enough, if I reviewed the evidence enough[.]" Defense counsel was standing by during the prosecutor's cross-examination of appellant, and the trial court indicated defense counsel could ask questions of appellant if he felt it was appropriate. Defense counsel stated he had no questions for appellant.

8

**{¶21}** Appellant was represented by appointed counsel at every stage of the proceedings, including the portion of the sentencing hearing wherein appellant chose to orally move to withdraw his guilty plea based on an asserted dissatisfaction with his defense counsel. This argument is not well taken. *Accord State v. Gabel*, 6th Dist. Sandusky No. S-14-038, *et seq.,* 2015-Ohio-2803, ¶15, fn 1.

**{¶22}** Appellant's sole assignment of error is without merit.

**{¶23}** The judgment of the Portage County Court of Common Pleas, denying appellant's oral pre-sentence motion to withdraw his guilty plea, is hereby affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.