[Cite as *State v. Hill*, 2019-Ohio-1647.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107290 |
| v. | : | |
| DEVONTA HILL, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-614209-A, CR-17-615444-B, CR-17-619532-A,
and CR-17-620652-A

*Appearances:*

Mark A. Stanton, Cuyahoga County Public Defender,
Frank Cavallo, Assistant Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecutor,
Aqueelah A. Jordan, Assistant County Prosecutor, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Devonta Hill ("appellant"), brings the instant appeal challenging his conviction and sentence. Specifically, appellant argues that the trial court abused its discretion by failing to hold a hearing on his oral motion to

withdraw his guilty plea. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} Appellant brings the instant appeal from four criminal cases in which he entered guilty pleas in Cuyahoga C.P. Nos. CR-17-620652-A, CR-17-619532-A, CR-17-614209-A, and CR-17-615444-B. Appellant was represented by retained counsel in all four cases.

{¶ 3} After pretrial negotiations, appellant pled guilty to amended indictments in all four cases on March 5, 2018. The trial court accepted appellant's guilty pleas to the four amended indictments, ordered a presentence investigation report, and scheduled the matter for sentencing on April 11, 2018. The sentencing hearing was rescheduled a total of four times, in part because the trial court indulged appellant's attempts to rally witnesses on his behalf. According to appellant, these witnesses were to provide evidence of appellant's innocence in Cuyahoga C.P. No. CR-17-619532-A ("619532").

{¶ 4} In 619532, on August 15, 2017, the Cuyahoga County Grand Jury indicted appellant in a five-count indictment. The indictment included Counts 1 and 2, rape, in violation of R.C. 2907.02(A)(2), first-degree felonies, with firearm specifications in violation of R.C. 2941.141(A), a notice of prior conviction specification in violation of R.C. 2929.13(F)(6), and a repeat violent offender specification in violation of R.C. 2941.149(A); Count 3, kidnapping, in violation of R.C. 2905.01(A)(4), a first-degree felony, with a firearm specification in violation of

R.C. 2941.141(A), a sexual motivation specification in violation of R.C. 2941.147(A), a notice of prior conviction specification in violation of R.C. 2929.13(F)(6), and repeat violent offender specification in violation of R.C. 2941.149(A); Count 4, gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony; and Count 5, having weapons while under a disability, in violation of R.C. 2923.13(A)(2), a third-degree felony.

{¶ 5} On May 9, 2018, after previously rescheduling the sentencing hearing three times, appellant's counsel addressed the trial court and stated that appellant expressed to him that he wished to withdraw his guilty plea in 619532.

> [APPELLANT'S COUNSEL]: [A]fter [appellant] entered his plea we became aware of a situation that might allow me to present a credible defense with regard to the rape case based on —
>
> THE COURT: That is 619532.
>
> [APPELLANT'S COUNSEL]: That is correct. As soon as I found out that that opportunity may have arisen in the form of a witness that I needed to speak with, I was informed by the county jail that that person had left jail and was capiased. Not being able to put anything credible before the [c]ourt with regard to a motion, I was prepared and was talking to [appellant] today about going forward with the sentencing.
>
> When I found out for the first time that the gentleman in question was picked up on his warrant and is capiased in the state of Michigan and was returned to county jail as of Saturday, I did not know he was in custody on Monday or Tuesday. So I'm asking for one last opportunity to speak with him, and it's my understanding that – or my request that I be given a very brief window in between my client, his family, and the opportunity to mount a defense or put together a motion in good faith that I can present before this [c]ourt. I'm asking that we wrap this up and I be given till Monday to have that happen.
>
> THE COURT: [Prosecuting attorney].

[PROSECUTING ATTORNEY]: Your Honor, the State would object to this continuance request. This case was initially set for sentencing on April 11th. At that time on April 11th defense counsel initially raised this issue that there may be a potential witness that may somehow challenge the victim's credibility. The [c]ourt granted a continuance to which the State did not object until April 25th. Again on April 25th another continuance was requested for one day. The matter was continued to April 26th and now this fourth sentencing date of today on May 9th, [y]our [h]onor.

As this [c]ourt is aware, our victim does have a right to be present for sentencing. Because of the number of continuances that happened and the fact that the victim is in the custody of the county at this point in time based on her status as a foster child, that county indicated they would not transport the victim to court today just because they weren't sure the sentencing was actually going forward.

The [s]tate can appreciate the efforts being undertaken by defense counsel to secure this witness who the [s]tate believes won't even be admissible at trial, and we'll file the appropriate motion at that time, [y]our [h]onor.

However, at this point in time my concern is this continuance are [sic] beginning to question the victim's rights in being present for this hearing. There's no credible information at this point in time that this is even a defense that would be admissible and is something that he just sought to attack the credibility of the victim, which would probably be barred from admission under the rape shield law, [y]our [h]onor. So the [s]tate would object to this continuance.

THE COURT: I'm not sure if the nature of the testimony that [appellant's counsel] seeks to elicit would be barred under the rape shield statute but that —

*  *  *

THE COURT: We can deal with that if and when it's presented. I will grant [appellant's motion for a continuance] but only until Monday. Sentencing will take place unless there is a good faith motion to withdraw the plea, and we can have a hearing on that if you deem it necessary, [appellant's counsel].

(Tr. 28-32.)  The trial court then granted appellant's counsel's request for a continuance, and the matter was again rescheduled for sentencing on May 14, 2018.

{¶ 6} Appellant was apparently unsuccessful in his attempts to locate these witnesses.  On May 14, 2018, the subject of appellant's motion to withdraw his plea was again discussed.

> [APPELLANT'S COUNSEL]:  I think at this moment the record should reflect the [c]ourt's patience and understanding with regard to attempts by my client to have me offer on his behalf a bona fide motion to withdraw the plea on at least three occasions.  The [c]ourt's continued the sentencing in order to accommodate supposed witnesses that were to surface in jail, one who was capiased for a while.
>
> And most recently, I was given the date of Friday to file in good faith to give the [s]tate of Ohio time to prepare, should that discussion be pertinent to today.  As the docket reflects, and the [c]ourt is aware, I could not file that motion in good faith so it was not offered, and we're here today.
>
> That being said, on more than one occasion, each time in getting ready for sentencing, I have reviewed the presentence investigation. I find no major additions or corrections.  I've made every effort with regard to what I can do from my perspective to find the supposed witnesses that were to provide exculpatory testimony with regard to at least the rape case.
>
> That being said, my client, he's here with family: Mom, grandfather. I've known [appellant] for several years; this isn't the first case — cases that I've represented him on.  They've always been there for him.  I believe the family and I have done all that we can.  I know that [appellant] wants to be heard in mitigation.  I'm really sorry that we're at this crossroads in his life and that he didn't make better choices.  I guess the rest of what has to be said is best said by him.
>
> [APPELLANT]:  Your Honor, well, I been thinkin' for the past couple court dates, I been tryin' to withdraw my plea.  The most recent reason why I was tryin' to withdraw my plea, I had a witness or whatever and he got arrested, and he said the detectives came to him and told him, basically talk him into not comin' into court, sayin' he couldn't come and basically threaten him on his case that he had.

Also I feel that I'm not guilty, on none of the charges I copped out to. Every sentencin' date I been tryin' to get in here to withdraw my plea. The day I did cop out to my plea, I couldn't even really — I didn't even really comprehend, until I got back to my cell, look at my court docket see all the charges I copped out to. It's like I'm throwin' my life away. I feel this ain't the right — this ain't the right way of me goin' on about this case.

I want to start trial. I got more witnesses on my behalf that's willin' to come. That's where I'm at right now.

THE COURT: [Prosecuting attorney]?

[PROSECUTING ATTORNEY]: Yes, your Honor. In terms of the defendant's what appears like his request to withdraw his plea, your Honor, * * * the standard is knowingly, intelligently, and voluntarily entered into, [y]our [h]onor. At all points in time, this [c]ourt went through a detailed colloquy with [appellant] to ensure that he understood his change of plea, understood the charges that he was changing his plea to, the potential penalties of a plea, and I believe this [c]ourt also asked him if that entering into a plea was voluntary. At that point in time, [appellant] indicated that he understood.

This [c]ourt answered any questions that [appellant] posed at that time, and [appellant] entered into the change of plea, [y]our [h]onor. So the [s]tate would object to any withdrawal of plea at this time.

THE COURT: With respect to sentencing?

(Tr. 36-39.) Without ruling on appellant's motion, the trial court proceeded to sentencing on May 14, 2018. The trial court sentenced appellant on all four cases to an aggregate prison term of 13 years. Appellant filed the instant appeal and assigns a sole error for our review.

I. The trial court abused its discretion by failing to hold a hearing on the appellant's oral motion to withdraw his guilty plea.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, appellant argues that the trial court abused its discretion when it failed to hold a hearing on his oral motion to withdraw his guilty plea. More specifically, appellant argues that he made a timely presentence motion to withdraw his guilty plea, and the trial court was required to hold a hearing on the matter. Appellant also appears to argue that he was effectively without counsel because his trial counsel elected not to pursue or present an argument in support of his motion to withdraw his plea.

{¶ 8} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However,

> [A] defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. * * * Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.

*Id.*

{¶ 9} As an initial matter, we note that appellant was represented by retained counsel of appellant's own choosing throughout these proceedings on all four cases. In particular, appellant was represented by counsel at the change of plea hearing, and at the scheduled sentencing hearing on May 9, 2018, when appellant orally moved, pro se, to withdraw his guilty pleas. We also note that nowhere within the record do we find any evidence that appellant's counsel was not actively representing his interests.

{¶ 10} This court has previously determined that when counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. In *Washington*, this court noted that "[b]ecause Washington chose to proceed with legal representation, the court could not consider Washington's motion to withdraw his plea, which his appointed counsel did not agree with." *Id.* *See also State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 9 (where this court noted that "[h]ad the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law.").

{¶ 11} In the instant matter, while represented by retained counsel of his choosing, appellant unilaterally asserted a pro se oral motion to withdraw his plea in 619532. After asserting this oral motion, the trial court granted a continuance to allow appellant's counsel to ascertain the merits of such a motion. We can discern from the record that appellant's counsel investigated the merits of appellant's motion to withdraw his plea, and ascertained that such a motion would have been meritless.

{¶ 12} To the extent that appellant argues that the trial court, under these circumstances, was required to hold a hearing on appellant's pro se motion, we do not agree. If appellant's counsel filed a presentence motion to withdraw or joined in appellant's pro se oral motion, "the law would have required some type of hearing."

*State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 15, citing *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745. There is nothing in the record indicating that counsel joined appellant's pro se oral motion or otherwise believed that a basis existed for appellant to withdraw his guilty plea. *State v. Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346, ¶ 18. As a result, had the trial court entertained appellant's pro se oral motion while he was simultaneously represented by retained counsel, this would have effectively constituted hybrid representation in violation of the established law. *Mongo* at *id.*, citing *Wittine*.

{¶ 13} Lastly, we note that appellant has the right to have retained counsel of his choosing. To this end, appellant could have chosen to dismiss his retained counsel if he was in any way dissatisfied with his counsel's representation. *See State v. Curtis*, 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822, ¶ 33.

{¶ 14} Based upon the foregoing analysis, the trial court was not required to hold a hearing on appellant's pro se motion to withdraw his guilty plea. "[W]hen a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant." *Powell* at ¶ 17, citing *Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, at ¶ 11.

{¶ 15} Accordingly, we overrule appellant's sole assignment of error.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR