[Cite as *State v. Smith*, 2022-Ohio-3231.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                          :

                                                                Nos. 111131, 111132,

    v.                                          :  111133, 111134, and

                                                                111135

LIONEL SMITH,                                    :

    Defendant-Appellant.                         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-659580-A, CR-21-655843-A, CR-21-656756-A,
CR-20-654988-A, and CR-21-659054-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jasmine Jackson, Assistant Prosecuting
Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Lionel Smith ("Smith"), appeals from the trial court's judgment denying his presentence motion to withdraw his guilty plea. He raises the following assignments of error for review:

1. The trial court erred in proceeding with a hearing on defendant's motion to withdraw a plea without providing counsel to defendant or obtaining a knowing, intelligent, and voluntary waiver from defendant of his right to counsel.

2. The modifications to sentencing for the first- and second-degree felonies made by the Reagan Tokes Act violate the defendant's right to jury trial, as protected by the Fifth and Fourteenth Amendments to the United States Constitution, and the separation of powers doctrine embedded in the Ohio Constitution.

{¶ 2} After careful review of the record and relevant case law, we affirm Smith's convictions and sentence.

## I. Procedural and Factual History

{¶ 3} In Cuyahoga C.P. No. CR-20-654988-A, Smith was named in a two-count indictment, charging him with failure to comply in violation of R.C. 2921.331(B), with a furthermore clause that Smith's operation of a motor vehicle was a proximate cause of serious physical harm to persons or property; and failure to comply in violation of R.C. 2921.331(B), with a furthermore clause that Smith's operation of a motor vehicle caused a substantial risk of serious physical harm to persons or property.

{¶ 4} In Cuyahoga C.P. No. CR-21-655843-A, Smith was named in an eight-count indictment, charging him with three counts of drug trafficking in violation of R.C. 2925.03(A)(2), with one-year firearm specifications and forfeiture specifications; three counts of drug possession in violation of R.C. 2925.11(A), with one-year firearm specifications and forfeiture specifications; and single counts of having weapons while under disability in violation of R.C. 2923.13(A)(3) and receiving stolen property in violation of R.C. 2913.51(A), with a one-year firearm specification.

{¶ 5} In Cuyahoga C.P. No. CR-21-656756-A, Smith was named in a four-count indictment, charging him with having weapons while under disability in violation of R.C. 2923.13(A)(3), with a forfeiture specification; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification; improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), with a forfeiture specification; and drug possession in violation of R.C. 2925.11(A).

{¶ 6} In Cuyahoga C.P. No. CR-21-659054-A, Smith was named in a seven-count indictment, charging him with three counts of drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications; three counts of drug possession in violation of R.C. 2925.11(A), with forfeiture specifications; and a single count of possessing criminal tools in violation of R.C. 2923.24(A), with a forfeiture specification.

{¶ 7} In Cuyahoga C.P. No. CR-21-659580-A, Smith was named in a five-count indictment, charging him with three counts of felonious assault in violation of R.C. 2903.11(A)(2), with one, three, and five-year firearm specifications; and two counts of improperly discharging into a habitation in violation of R.C. 2923.161(A)(1), with one, three, and five-year firearm specifications.

{¶ 8} In Cuyahoga C.P. No. CR-21-660449-A, Smith was named in a three-count indictment, charging him with two counts of failure to comply in violation of R.C. 2921.331(B), with a furthermore clause that Smith's operation of a motor vehicle

caused a substantial risk of serious physical harm to persons or property; and a single count of drug possession in violation of R.C. 2925.11(A).[1]

{¶ 9} Following numerous pretrial hearings, Smith agreed to enter into a negotiated plea with the state. At the joint-plea hearing, held on November 3, 2021, the state outlined the terms of the packaged plea agreement and Smith confirmed his understanding on the deal.

{¶ 10} In Case No. CR-20-654988-A, Smith agreed to plead guilty to a single count of attempted failure to comply in violation of R.C. 2923.02 and 2921.331(B), a felony of the fourth degree. In Case No. CR-21-655843-A, Smith agreed to plead guilty to two counts of drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications, felonies of the second degree, and a single count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. In Case No. CR-21-656756-A, Smith agreed to plead guilty to single counts of having weapons while under disability in violation of R.C. 2923.13(A)(3), with forfeiture specifications, a felony of the third degree, and drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree. In Case No. CR-21-659054-A, Smith agreed to plead guilty to a single count of drug possession in violation of R.C. 2925.11(A), with forfeiture specifications, a felony of the fourth degree. In Case No. CR-21- 659580-A, Smith agreed to plead guilty to single counts of felonious assault in violation of R.C.

---

[1] In Appeal No. 111130, this court sua sponte dismissed the appeal for lack of a final, appealable order. We recognized that a dismissal was necessary because the trial court failed to impose a sentence on each count in Case No. CR-21-660449-A. Accordingly, Case No. CR-21-660449-A is not presently before this court.

2903.11(A)(2), with a three-year firearm specification, a felony of the second degree, and improper discharging of a firearm at or into a habitation or school in violation of R.C. 2923.161(A)(1), a felony of the second degree. Finally, in Case No. CR-21-660449-A, Smith agreed to plead guilty to single counts of failure to comply in violation of R.C. 2921.331(B), a felony of the third degree, and drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶ 11} In exchange for Smith's agreement to plead guilty to the foregoing offenses and specifications, the remaining counts and specifications in each indictment were nolled.

{¶ 12} Following an extensive Crim.R. 11 colloquy, Smith withdrew his previously entered pleas of not guilty and entered pleas of guilty in accordance with the negotiated plea agreement. Satisfied that Smith's pleas were knowingly, voluntarily, and intelligently made, the trial court accepted Smith's guilty pleas and referred him to the county probation department for a presentence-investigation report ("PSI").

{¶ 13} The matter proceeded to sentencing on November 29, 2021. At the onset of the hearing, however, defense counsel advised the court that Smith wished to withdraw his guilty pleas, stating:

> [B]efore we get started I will indicate that in meeting with Mr. Smith just before this hearing and reviewing the PSI he indicated that he wants to make a motion to withdraw his plea. According to Rule 32.1 of the Ohio Rules of Criminal Procedure prior to sentencing the court should grant such a motion liberally. In the event that the court were to grant the motion to withdraw the plea, I would make a motion to withdraw [as counsel]. I would indicate that I've reviewed the

discovery with Mr. Smith, I've reviewed his legal options. I've reviewed the plea agreements when we were here on prior occasions and when he ultimately entered the plea on November 3rd.

(Tr. 48.) Defense counsel further assured the court that he thoroughly advised Smith of the strengths and weaknesses of his case, as well as the minimum and maximum sentences he would be exposed to if the matter proceeded to a trial.

{¶ 14} The trial court then heard from Smith, who indicated that he wished to withdraw his pleas because he was "not in the right state of mind" at the time he entered into the negotiated plea agreement. (Tr. 51.) Smith explained his position as follows:

> I took somebody else's meds on the pod. And when I came in here and took my plea agreement, I wasn't understanding everything that there was to be understood. And I was manipulated and coerced by my lawyer to take my plea deal and he promised me I would get the minimum sentence.

(Tr. 51.)

{¶ 15} In response to Smith's statements, defense counsel stated, in pertinent part:

> Your Honor, as I have a loyalty to my client, I'm not going to get into a back and forth on the record. But I can indicate that there is no promise of a minimum sentence before the plea, during the plea, or after the plea. There's no promise of a particular sentence. The court made that clear. And as far as Mr. Smith taking any medication, there was no indication to me in terms of orally or by my observations. So this is the first time I'm hearing of this, respectfully.

(Tr. 52.)

{¶ 16} In an abundance of caution, the trial court concluded that it was necessary to afford Smith a hearing on the presentence motion to withdraw his guilty

pleas. Smith, however, expressed that he did not wish to provide testimony in support of his motion, and defense counsel indicated that he did not wish to call his client to the stand. The trial court then heard from the prosecutor, who summarized the comprehensive nature of the plea negotiations and the efforts taken to ensure that Smith was involved in the process and understood the implications of the package plea agreement.

{¶ 17} After careful consideration, the trial court denied Smith's motion to withdraw his guilty plea, stating, in pertinent part:

> It's hard to characterize this as anything more than the defendant having cold feet on the morning of sentencing. He hasn't filed a motion or asked counsel to file a motion prior to today's date. The court did want to afford him the opportunity to have this hearing this morning and gave him the opportunity to present any evidence that he wishes to do so.
>
> * * *
>
> Looking at the non-exhaustive factors [under *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992)], there is no specific reason for the withdrawal, although defendant did mention in his statement that he was coerced by counsel. The court does not see any coercion based upon the many numerous conversations that counsel had with the defendant. As to the medication, there is just no evidence whatsoever as to that other than the defendant's self-serving statements.

(Tr. 56-60.)

{¶ 18} Upon denying Smith's motion to withdraw, the court immediately proceeded with sentencing. In Case No. CR-20-654988-A, the trial court suspended Smith's driver's license for a period of 20 years and sentenced him to 17 months in prison on the failure to comply offense.

{¶ 19} In Case No. CR-21-655843-A, Smith was sentenced to six years in prison on each drug trafficking offense, and 17 months in prison on the receiving stolen property offense. Each sentence imposed in Case No. CR-21-655843-A was ordered to run concurrently.

{¶ 20} In Case No. CR-21-656756-A, Smith was sentenced to 30 months in prison on the having weapons while under disability offense, and 10 months in prison on the drug possession offense. Each sentence imposed in Case No. CR-21-656756-A was ordered to run concurrently.

{¶ 21} In Case No. CR-21-659054-A, Smith was sentenced to 13 months in prison on the drug possession offense.

{¶ 22} In Case No. CR-21-659580-A, Smith was sentenced to three years in prison on the firearm specification to run prior and consecutive to a prison term of 7 to 13.5 years in prison on the qualifying felonious assault offense, and a prison term of seven years on the improper discharge of a firearm into a habitation or school offense. Each sentence imposed in Case No. CR-21-659580-A was ordered to run concurrently.

{¶ 23} In Case No. CR-21-660449-A, Smith was sentenced to 30 months in prison on the failure to comply offense. The court did not impose a sentence on the drug possession offense.

{¶ 24} The sentences imposed in Case Nos. CR-20-654988-A, CR-21-656756-A, and CR-21-659054-A were ordered to run concurrently with each other and the sentences imposed in Case Nos. CR-21-659580-A, CR-21-660449-A, and CR-21-

655843-A. However, the aggregate sentences imposed in Case Nos. CR-21-659580-A, CR-21-660449-A, and CR-21-655843-A were ordered to run consecutively with each other. In the sentencing journal entry, the court clarified that the "total sentence for all packaged plea cases is 18.5 years to 22 years [in prison] (3.5 years is 50% of the 7-year qualifying offense of felonious assault in CR-21-659580.)."

{¶ 25} Smith now appeals from his convictions and sentences.

## II. Law and Analysis

### A. Denial of Right to Counsel

{¶ 26} In his first assignment of error, Smith argues the trial court erred by denying his motion to withdraw his guilty pleas without providing him with counsel, and without obtaining a knowing, intelligent, and voluntary waiver of counsel. Smith contends that he was effectively without counsel because his trial counsel elected not to present an argument in support of his motion to withdraw and expressed that he would withdraw as counsel if the motion were granted.

{¶ 27} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715 (1992). It is well established, however, that a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Therefore, a trial court must conduct a hearing in

order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶ 28} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reflects that the court gave full and fair consideration to the plea-withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus; *State v. King*, 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 13. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *King* at ¶ 14, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8-9.

{¶ 29} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *Peterseim* at paragraph two of the syllabus. "'[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213-214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶ 30} On appeal, Smith does not directly challenge the merits of the trial court's judgment denying the motion to withdraw his guilty pleas. Rather, Smith contends that the judgment must be vacated because he was not afforded counsel and was required to represent himself without a determination that he was competent to do so. Thus, Smith asks this court to reverse the trial court's judgment and remand the matter for the trial court

> to determine whether Smith has the funds to retain counsel, to appoint new counsel for him, or allow him to proceed pro se after advising him of the perils of self-representation and receiving a knowing, intelligent, and voluntary waiver of his right to counsel, and to thereafter conduct a hearing on the motion to withdraw the plea.

{¶ 31} Under the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution, a criminal defendant who faces a potential prison sentence has the right to assistance of counsel in his defense at all "critical stages" of criminal proceedings. *State v. Simmons*, 8th Dist. Cuyahoga No. 103986, 2016-Ohio-7709, ¶ 11, citing *State v. Tymcio*, 42 Ohio St.2d 39, 325 N.E.2d 556 (1975), and *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). "Ohio courts have held that a criminal defendant has a right to counsel at a hearing on a presentence motion to withdraw a guilty plea because such a hearing is a critical stage of litigation." *Simmons* at ¶ 12.

{¶ 32} A defendant also has a "correlative right" to self-representation — to proceed pro se — under the Sixth Amendment. *Id.* at ¶ 13. "However, in order to proceed pro se, a defendant must knowingly, voluntarily, and intelligently waive the Sixth Amendment right to counsel." *Id.* at ¶ 14, citing *State v. Moore*, 2012-Ohio-

1958, 970 N.E.2d 1098 (8th Dist.). This principle is recognized in Crim.R. 44(A), which states:

> Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

{¶ 33} For a defendant to knowingly, voluntarily, and intelligently waive the right to counsel, "[t]he trial court must caution [the defendant] and warn of 'the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *Simmons* at ¶ 14, quoting *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Additionally, the waiver must be made "'with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

{¶ 34} There is no "prescribed" language that a court must use to establish an effective waiver; instead, "the information a defendant must possess to make an intelligent election 'depend[s] on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.'" *State v. Buchanan*, 2017-Ohio-1361, 88

N.E.3d 686, ¶ 15 (8th Dist.), quoting *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144.

{¶ 35} Unlike the circumstances confronted by this court in *Simmons*, the record in this case reflects that Smith made no statement to suggest that he intended to waive his right to counsel and proceed pro se. Nor is there any basis to conclude that the trial court forced Smith to proceed pro se without adhering to the procedural requirements described above. Rather, the record reflects that Smith was represented by counsel during the entirety of the proceedings, including the plea hearing, the motion to withdraw hearing, and the subsequent sentencing hearing. Despite his representation at all critical stages of the proceedings, however, Smith orally requested to withdraw his guilty pleas on his own motion.

{¶ 36} It is well settled that a criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, or "hybrid representation." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus. Therefore, when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant. *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11. Moreover, where a defendant, who is represented by counsel, files pro se

motions, "and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se," the pro se motions are not proper and the trial court may strike them from the record. *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12.

{¶ 37} Applying the foregoing, this court has routinely held that a trial court lacks the authority to entertain a defendant's pro se motion to withdraw his or her guilty plea when the defendant is represented by counsel. *Mongo* at ¶ 13 (finding the trial court did not abuse its discretion in denying the defendant's pro se motion to withdraw where the defendant was represented by counsel); *Washington* at ¶ 11 ("Because [defendant] chose to proceed with legal representation, the court could not consider [defendant]'s motion to withdraw his plea, which his appointed counsel did not agree with"); *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 9 ("Had the trial court entertained defendant's pro se motion while defendant was simultaneously being represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law."); *State v. Hagar*, 8th Dist. Cuyahoga No. 108317, 2020-Ohio-910, ¶ 29 ("[B]ecause Hagar was represented by counsel, the court could not entertain his pro se motions to withdraw his guilty plea."); *State v. Hill*, 8th Dist. Cuyahoga No. 107290, 2019-Ohio-1647, ¶ 14 ("[W]hen a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant."); *State v. Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346, ¶ 17; *State v. Pames*, 8th Dist. Cuyahoga No. 110647, 2022-Ohio-616, ¶ 32.

{¶ 38} In this case, Smith orally sought to withdraw his guilty pleas at the onset of the sentencing hearing. Defense counsel did not file a formal motion on Smith's behalf and there is no indication that counsel joined Smith in his motion or otherwise believed that there were grounds for Smith to withdraw his guilty pleas. On this basis alone, the trial court was entitled to strike Smith's pro se motion without further consideration.[2] *See State v. Jones*, 8th Dist. Cuyahoga No. 107561, 2019-Ohio-2571, ¶ 30.

{¶ 39} Nevertheless, the trial court determined that it was appropriate to conduct a complete and impartial hearing in order to give full and fair consideration to Smith's plea-withdrawal request. In this regard, the trial court heard from each of the parties and carefully assessed the relevant factors in determining whether sufficient grounds supported Smith's pro se motion. Ultimately, however, Smith declined to testify in support of his factual allegations and no evidence was introduced

---

[2] We recognize that Smith asks this court to reconsider its approach when assessing "the concept of hybrid representation to motion practice, and in particular to motions to withdraw." Smith notes the difficult position defendants and defense attorneys are placed in when motions to withdraw are predicated on defense counsel's alleged coercion or deficient performance. Smith states that "this court's rulings on hybrid representation and counsel's duty to his client give counsel veto power over whether a court can even entertain a client's motion to withdraw a plea."

Appellant's position is not lost on this court. At this time, however, we decline to ignore the clear precedent established in *Mongo* at ¶ 13; *Washington* at ¶ 11; *Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611 at ¶ 9; *Hagar*, 8th Dist. Cuyahoga No. 108317, 2020-Ohio-910 at ¶ 29; *Hill*, 8th Dist. Cuyahoga No. 107290, 2019-Ohio-1647 at ¶ 14; *Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346 at ¶ 17; or *Pames*, 8th Dist. Cuyahoga No. 110647, 2022-Ohio-616 at ¶ 32. Collectively, these decisions do not stand for the proposition that defense attorneys are entitled to "veto" a defendant's ability to withdraw his or her plea where legitimate grounds exist merely because the motion is predicated on the conduct or representations of counsel. To suggest otherwise presumes ethical misconduct on behalf of the defense attorney and ignores the gatekeeping role of the trial court.

in support of his claims. As a result, Smith failed to rebut the presumption that his plea was knowingly and voluntarily entered, and the trial court properly characterized his motion as being nothing more than a change of heart. *See Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346 at ¶ 21 ("It is well established that a change of heart is an insufficient basis for withdrawing a guilty plea."). Under these circumstances, the trial court did not abuse its discretion in concluding that no reasonable and legitimate basis existed for Smith's pro se motion to withdraw his guilty plea.

{¶ 40} Finally, we are unable to conclude that Smith was deprived of his constitutional right to assistance of counsel during the motion to withdraw hearing.

{¶ 41} Generally, to establish a violation of the right to counsel, the represented individual must show that (1) counsel' performance fell below an objective standard of reasonable representation and (2) counsel's errors prejudiced the individual, i.e., a reasonable probability that but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 42} In *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the United States Supreme Court recognized a "narrow exception" to the *Strickland* requirements when considering whether a criminal defendant was denied his or her right to counsel under the Sixth Amendment. *See State v. Lucas*, 2020-Ohio-1602, 154 N.E.3d 262, ¶ 36 (8th Dist.). The court held that there are certain

circumstances "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such that ineffectiveness and prejudice are presumed and a denial of an accused's Sixth Amendment right to counsel is found "without inquiry into the actual conduct" of the proceedings. *Cronic* at 658-660. These circumstances include (1) the complete denial of counsel, i.e., such as where counsel is "totally absent, or prevented from assisting the accused during a critical stage of the proceeding," (2) circumstances where counsel "entirely fails" to subject the state's case to "meaningful adversarial testing," (3) circumstances where counsel "actively represented conflicting interests," and (4) circumstances where "although counsel is available to assist the accused," "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Id*. at 658-660 and fn. 25, 28; *see also Strickland* at 692 ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.").

{¶ 43} Applying the foregoing to the circumstances presented in this case, we cannot say defense counsel "completely abdicate[d] his role as an advocate for his client" merely because counsel expressed that he did not coerce Smith into accepting the favorable terms of the negotiated plea agreement. *See State v. Ray,* 8th Dist. Cuyahoga No. 107450, 2019-Ohio-1346, ¶ 26 ("Counsel has a duty to be candid."). While the statement could arguably be cited in support of a challenge to the adequacy of counsel's performance pursuant to *Strickland*, the statement, standing alone, does not warrant a conclusion that Smith was "totally deprived of his right to counsel." *See*

*Lucas* at ¶ 37-41. Here, Smith was represented by counsel at the time he appeared for sentencing, and counsel remained present throughout the court's assessment of Smith's request to withdraw his plea. Counsel outlined the comprehensive nature of his plea negotiations with the state, as well as the discussions he engaged in with Smith regarding the strengths and weakness of his case, and the minimum and maximum penalties Smith would be exposed to if he proceeded to a trial. The fact the trial court allowed Smith to speak on his own behalf did not mean he was unrepresented. *See State v. Goodwin*, 2018-Ohio-4377, ¶ 20-21; citing *State v. Gabel*, 6th Dist. Sandusky No. S-14-038, et seq., 2015-Ohio-2803, ¶ 15, fn. 1. Defense counsel answered all pertinent questions posed by the court while acknowledging his "duty of loyalty" to Smith's interests. (Tr. 51.) And, although counsel did not directly join in Smith's pro se motion, he sought a continuance for the purpose of obtaining additional time "to put such a motion in writing for further consideration." (Tr. 62.) At no time did defense counsel withdraw as counsel. Rather, defense counsel diligently continued his representation of Smith once the matter proceeded to sentencing.

{¶ 44} Based on the foregoing, we are unable to conclude that Smith was denied his Sixth Amendment right to assistance of counsel. Smith was represented by appointed counsel at every stage of the proceedings, including the portion of the sentencing hearing wherein Smith chose to orally move to withdraw his guilty plea based on an asserted dissatisfaction with his defense counsel.

{¶ 45} Smith's first assignment of error is overruled.

## B. The Reagan Tokes Law

{¶ 46} In his second assignment of error, Smith argues the trial court erred in sentencing him under the Reagan Tokes Law, which became effective March 22, 2019. He contends the Reagan Tokes Law is unconstitutional because it violates the separation-of-powers doctrine and his constitutional right to a jury trial.

{¶ 47} The question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble,* 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *See Delvallie* at ¶ 17. Because Smith does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are overruled.[3]

{¶ 48} Smith's sole assignment of error is overruled.

{¶ 49} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[3] Neither party has raised any issues as to the imposed sentence and, therefore, any determination as to the validity of the sentence is beyond the scope of this direct appeal. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Forbes, J., dissenting).